**McDANIEL FORD, INC., Plaintiff,**

v.

**LOCAL 259, UNITED AUTOMOBILE WORKERS, Defendant.**

**No. CV 83–2788.**

United States District Court, E.D. New York.

May 9, 1984.

Donald C. Rood, Hicksville, N.Y., for plaintiff.

Donald E. Klein, Sipser, Weinstock, Harper, Dorn & Leobowitz, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action pursuant to 29 U.S.C. Section 185 for enforcement of an arbitrator's award in a labor grievance procedure. That award was made in an Arbitrator's Opinion dated May 11, 1983 by Arbitrator Peter Seitz pursuant to an arbitration clause in a collective bargaining agreement (contract) between plaintiff employer and defendant employee union.

In anticipation of a slow business period during the holidays, plaintiff McDaniel Ford, Inc. (McDaniel Ford) laid off three employees, Frank Zimmerman, Morris Sprague, and Edward Douglas, from December 22, 1982 to January 3, 1983. They are represented by defendant Local 259 of the United Automobile Workers (UAW) and filed grievances complaining that the lay off violated the contract or, alternatively, that they were entitled to four days of holiday pay under the contract despite the lay off.

Arbitrator Seitz first addressed the issue of the lay off. He found nothing in the contract limiting McDaniel Ford's power to lay off employees in response to a slow business period and concluded that the lay off had not violated the collective bargaining agreement. Arbitrator Seitz then determined that under the contract terms the three employees were nevertheless entitled to four days of holiday pay. McDaniel Ford filed a petition in the Supreme Court of the State of New York for the County of Nassau to vacate and set aside that part of the arbitrator's award giving the three employees holiday pay. Defendant UAW timely petitioned for removal of the action to this Court pursuant to 28 U.S.C. Section 1441. This Court has original jurisdiction over the matter under 29 U.S.C. Section 185.

Defendant UAW now moves this Court for an order dismissing the petition of McDaniel Ford and affirming Arbitrator Seitz's award. Plaintiff opposes and contends that the arbitrator's award of holiday pay should be set aside. McDaniel Ford argues that since the arbitrator determined that the lay off of the three employees was not improper, they were not employees during the Christmas and New Year holidays specified in the contract, hence were not entitled to holiday pay. Arbitrator Seitz, on the other hand, concluded that under the contract laid-off workers are still employees for certain purposes, one of these purposes being entitlement to holiday pay. Defendant UAW contends that as a matter of federal law plaintiff's argument is an inadequate basis for vacating an arbitrator's award.

Federal policy strongly favors arbitration as a means of settlement of labor-management disputes. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 595, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); *Connecticut Light & Power Co. v. Local 420, International Brotherhood of Electrical Workers, AFL–CIO*, 718 F.2d 14, 19 (2d Cir.1983). Arbitrators are presumptively viewed as experts in the interpretation of labor agreements and their decisions are accorded great deference by the courts. *United Steel Workers v. Warrior & Gulf Naviga-*

*tion Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). The arbitrator need only explain his determination with plausible justification. *Meyers v. Parex, Inc.*, 689 F.2d 17, 18 (2d Cir.1982). It is not necessary that his decision be clearly correct or be the decision the reviewing court would make. *W.R. Grace and Co. Inc. v. Local 759, International Union of the United Rubber, Cork, Linoleum, and Plastic Workers of America*, 461 U.S. 757, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 293 (1983). The arbitrator, however, is restricted to interpretation and application of the terms of the collective bargaining agreement. Thus, so long as the arbitration award draws its essence from the contract it will not be vacated by the courts. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361; *Connecticut Light & Power v. Local 421, International Brotherhood of Electrical Workers, AFL–CIO*, 718 F.2d at 19.

■ In the arbitration award now before the Court Arbitrator Seitz clearly confined his reasoning to an analysis of the contract provisions. Applying his expertise and experience in interpreting the various types of employee eligibility requirements embodied in collective bargaining agreements, he concluded first that under the terms of the contract the workers laid off for a finite period were still employees for many purposes, and second that since the contract does not restrict holiday pay to any particular class of employees laid-off employees are entitled to it. The Court can find no grounds for substituting some other interpretation of the contract for the arbitrator's.

■ The plaintiff protests that the arbitrator's determinations are contradictory. If the workers are laid off they are no longer employees and cannot logically be entitled to holiday pay. This may be the plaintiff's way of defining matters and it may even be common sense. A collective

bargaining agreement, however, defines employee-employer relations and obligations and that contract can vary accepted practices and alter definitions. It is the agreement that controls the world of the workplace and the arbitrator who is the preferred interpreter of it.

The Court concludes that in reaching his determination Arbitrator Seitz, as required, drew on the essence of the contract. Whether or not there is a better interpretation or the arbitrator's is erroneous is not a basis for the Court to set it aside. It is colorably justified and that is enough. *Meyers v. Purex, Inc.*, 689 F.2d at 18. That his interpretation was not unique is borne out by a similar decision in the case of *In re Allis-Chalmers Corp., LaPorte Plant* and *United Automobile Aerospace and Agricultural Implement Workers and America, Local 1319*, 72 LA 84 (Arbitrator Goetz 1979), cited by the UAW. Clearly, there is no basis for vacature or setting aside of the arbitrator's award.

Accordingly, the petition for affirmation of Arbitrator Seitz's May 11, 1983 Arbitration Award in AAA Case No. 1330–0046–83 is granted. Plaintiff's petition to vacate and set aside in part is denied. It is therefore

ORDERED, that the Clerk of the Court enter judgment for the defendant affirming Arbitrator Seitz's award and directing that plaintiff McDaniel Ford pay four days holiday pay to Frank Zimmerman, Morris Sprague and Edward Douglas in the amount of $325.12 each,[1] plus interest from the date of May 11, 1983.

SO ORDERED.

---

1. Based on the affidavit of Lou Salvatore, Recording Secretary of the UAW Local 259, the three mechanics were entitled to $10.16 per hour for an eight hour day as their rate for holiday pay at the time of their layoff.